### *The inhabitants of* DOVER *vs. The inhabitants of* PARIS.

A notice that *S. and his family* are chargeable as paupers, the only subject of expense being one of his sons, who was alluded to in the notice, but not named, was held to be insufficient.

THIS was *assumpsit* for supplies furnished to *John Stetson* and family, alleged to have their settlement in *Paris.* The supplies consisted of monies paid for surgical aid to his son, and of articles furnished expressly for the son's maintenance while sick. The question was upon the sufficiency of the notice, which was in these words;—
" *Dover,* Oct. 11, 1825. Gentlemen, You are hereby notified that one *John Stetson* and family lately from your town, have become chargeable to this town. One of his sons is under the care of a surgeon, with a *caries* of the lower and posterior portion of the thigh bone, attended with great inflammation about the knee joint. All

Dover *v.* Paris.

expenses arising on their account are charged to the town of *Paris*, from the first day of *July* last." Which was duly signed by the over-seers. This notice was delivered to one of the overseers of *Paris*, who promised immediately to ascertain whether *Stetson* belonged to that town, and write to *Dover* the result. But no answer was ever returned.

The cause was tried before *Weston J.* who thought the notice insufficient, and nonsuited the plaintiffs, with leave to move the court to set the nonsuit aside.

*McGaw,* for the plaintiffs, insisted that the notice at least included the father and son; which was sufficient for the present purpose; though he conceded it could extend no farther. *Embden v. Augusta* 12. *Mass.* 307. *Shutesbury v. Oxford* 16. *Mass.* 102. *Bangor v. Deer Isle* 1. *Greenl.* 329.

*Godfrey,* for the defendants.

WESTON J. delivered the opinion of the Court.

The question presented to our consideration is, whether the notice given, to which no answer was returned, is sufficiently certain and definite to conclude the town notified. The notice states that *John Stetson* and family had become chargeable to the plaintiffs. It is agreed that the expenditures, for which a reimbursment is sought in this action, were incurred for the relief of one of the sons of *John Stetson,* who had become diseased in the manner stated in the no-tice; part arising from the payment of the bills of the surgeon who attended him, and part for supplies furnished to the father, for the ex-press purpose of being administered to the son. The son then was the pauper relieved, and he, and not the father, was the party liable to be removed. Upon the authority of the cases of *Embden v. Augus-ta,* and of *Bangor v. Deer Isle,* cited in the argument, and upon the principles and for the reasons therein stated, which it is unnecessary here to repeat, we are of opinion that the notice in this case is insuf-ficient, and the nonsuit is therefore confirmed, with costs for the de-fendants.